Filed 9/22/15  P. v. Fitz CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048921 |
| v. | (Super. Ct. No. 12NF1227) |
| MARCO ESTEBAN BAHENA FITZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lance Jensen, Judge. Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Marco Esteban Bahena Fitz was charged with two counts of lewd and lascivious acts with a child under 14 years of age. (Pen. Code, § 288, subd. (a); all further statutory references are to the Penal Code.) Count 1 alleged he kissed his stepdaughter on the lips, and count 2 alleged he touched her breasts. A jury convicted Fitz on count 1 but acquitted him on count 2.

Fitz challenges the sufficiency of the evidence to show he kissed stepdaughter with lewd intent as required by section 288, subdivision (a). Although not overwhelming, we find sufficient evidence to support the judgment.

## FACTS

Fitz lived with the victim's mother and younger siblings in Anaheim in 2010 when the inappropriate touching took place. The incident came to light in April 2012, when the victim took part in an afterschool program. After one of the other girls said her father had touched her in a sexual way, the victim said Fitz inappropriately touched and kissed her when she was younger, and then she started to cry.

A couple of weeks later, a Child Protective Services (CPS) worker and police officers went to the victim's home to interview her. She told the CPS worker that in 2009 or 2010, when she was 10 or 11 years old, Fitz touched her breasts over her clothing and kissed her on the lips. The kiss happened when she and Fitz were alone in the kitchen. He kissed her on the lips for about 10 seconds with their mouths open, and then told her to tell no one about it. She did not want to kiss Fitz, but she let Fitz kiss her because she was afraid of and loved him. She felt scared, uncomfortable, and like she was doing something wrong.

Mother initially denied knowing anything about the alleged incident, but later she admitted seeing Fitz kiss her daughter in the kitchen. She also told the investigators that she confronted Fitz and then tried to commit suicide. She said she did not want Fitz arrested because he contributed to their finances.

Fitz was arrested when he got home that day. He admitted to police that once while he was playing with his stepdaughter in the kitchen, he spun her around and kissed her hard on the lips for 10 to 15 seconds. Mother walked into the kitchen and Fitz apologized to stepdaughter. Fitz denied touching his stepdaughter's breasts. He said he kissed her hard only one time and it was a mistake, but he denied any sexual intent.

Later, the victim was interviewed by a social worker from the Child Abuse Services Team. She then told the social worker that she had been angry with Fitz when she accused him of inappropriate touching and kissing. The kiss occurred while she and Fitz were playing in the kitchen and Fitz had accidentally dropped her, which is when their lips briefly touched and her mother walked in. The victim said she felt bad because she did not know Fitz "would get in this much trouble." Mother also said she lied about everything and she missed Fitz's emotional and financial support.

At trial, mother testified she was heavily medicated in 2010. She remembered awakening one evening to the sound of Fitz and her daughter playing in the kitchen. She got up to investigate and saw Fitz drop her daughter and then kiss her on the mouth. Mother was groggy, and she had been molested as a child, so she asked Fitz what was going on. He and her daughter denied doing anything, but mother later cut her wrists with a kitchen knife.

## DISCUSSION

Fitz challenges the sufficiency of the evidence to show he kissed his stepdaughter with the requisite lewd intent. When addressing such claims, the reviewing court evaluates the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty. (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319; *People v. Story* (2009) 45 Cal.4th 1282, 1296; *People v. Johnson* (1980) 26 Cal.3d 557, 578.)

The substantial evidence standard also applies when the prosecution relies on circumstantial evidence. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357-358.) We accept any logical inferences the jury could have drawn from the circumstantial evidence because the jury, not the reviewing court, must be convinced of the defendant's guilt beyond a reasonable doubt. (*Ibid.*) "[T]he testimony of a single witness is sufficient to uphold a judgment even if it is contradicted by other evidence, inconsistent or false as to other portions." (*People v. Leigh* (1985) 168 Cal.App.3d 217, 221.)

Here, the jury believed Fitz kissed his stepdaughter "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child . . . ." (§ 288, subd. (a).) His stepdaughter, mother, and Fitz all agreed Fitz kissed her in the kitchen, and they all knew what incident was involved. Fitz denied any lewd intent. But the victim initially said she felt constrained to kiss him. Furthermore, Fitz told her not to tell anyone, which suggests consciousness of guilt. We acknowledge that mother and daughter changed their stories over time. Even so the jury was free to disregard their attempts to minimize the incident and to conclude Fitz kissed his stepdaughter with the requisite lewd intent of arousing himself or her.

## DISPOSITION

The judgment is affirmed.


THOMPSON, J.

WE CONCUR:


MOORE, ACTING P. J.


FYBEL, J.

4